UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ELDRIDGE E. BRAVO, JR.** and
**GEORGE A. KNUTSSON,**

    Plaintiffs,

v.                                                     Case No.  8:07-cv-1246-T-30MAP

**HONIGMAN MILLER SCHWARTZ AND**
**COHN LLP, a foreign limited liability**
**partnership,**

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Reconsideration, or, in the Alternative, Request to Certify the Court's Order for an Interlocutory Appeal and Request for Oral Argument (Dkt. 14), and Plaintiff's Amended Response in opposition to the same (Dkt. 16).  The Court, having considered the motion, supporting memorandum, and response, and being otherwise fully advised in the premises, determines that the Motion for Reconsideration should be denied for the reasons set forth in its February 11, 2008 Order (Dkt. 13).  Defendant's request for oral argument is therefore denied as moot.

However, because the February 11, 2008 Order involves a controlling question of law as to which there is a substantial ground for difference of opinion, and because an immediate appeal from the Order may materially advance the ultimate termination of this litigation, the Court will certify the Order to the Eleventh Circuit Court of Appeals for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion for Reconsideration, or, in the Alternative, Request to Certify the Court's Order for an Interlocutory Appeal and Request for Oral Argument (Dkt. 14) is **GRANTED in part and DENIED in part**. Defendant's Motion for Reconsideration and Request for Oral Argument are **DENIED**. Defendant's Request for an Interlocutory Appeal is **GRANTED.**

2. The Court finds that the following question of law is controlling and therefore appropriate for interlocutory appeal to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b):

> Whether under the application of the "most significant relationship test," as adopted by Florida courts and outlined in Sections 6 and 145 of the Restatement (Second) of Conflict of Laws, Plaintiff's claim arose in Florida or Michigan, and whether, therefore, the applicable statute of limitations is that of Florida or Michigan?

This Court's Order of February 11, 2008 (Dkt. 13) is hereby amended to include this certification.

3. This case shall be **STAYED** pending appeal. The Clerk is directed to administratively close this case pending resolution of the appeal.

**DONE** and **ORDERED** in Tampa, Florida on March 13, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2007\07-cv-1246.mt reconsideration.frm